UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE WYNNE,

    Plaintiff,

vs.                                  CASE NO.:

CIRCLE K STORES, INC., a Foreign
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIELLE WYNNE, by and through the undersigned attorney, sues the Defendant, CIRCLE K STORES, INC., a Foreign Profit Corporation, and alleges:

1. Plaintiff, DANIELLE WYNNE, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, DANIELLE WYNNE was an employee who worked at Defendant's property within the last three years in Brevard County, Florida.

3. Plaintiff, DANIELLE WYNNE, worked for Defendants as an hourly paid employee earning between $10.00-$10.20 per hour depending on when she received raises.

4. Plaintiff, DANIELLE WYNNE, worked as a "Store Assistant" (Cashier) for Defendant.

5. At all times material to this cause of action, Plaintiff, DANIELLE WYNNE, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours

worked.

6. Defendant, CIRCLE K STORES, INC., is a Foreign profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, CIRCLE K STORES, INC., operates and conducts business as a chain of convenience stores offering products such as gasoline, name brand soft drinks and alcohol, tobacco products, name brand snacks and candy, along with various other typical convenience store products.

8. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant, CIRCLE K STORES, INC., earned more than $500,000.00 per year in gross sales.

11. Defendant, CIRCLE K STORES, INC., employed approximately one-hundred plus (100+) employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, CIRCLE K STORES, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as gasoline, Coke and Pepsi products, name brand tobacco products, Frito Lay products, alcoholic beverages such as beer and wine, candies such as Snickers, and other tools/materials used to run the business.

13. Therefore, at all material times relevant to this action, Defendant, CIRCLE K STORES, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and

203(s).

14. Additionally, Plaintiff, DANIELLE WYNNE, is individually covered under the FLSA.

### FLSA Violations

15. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

16. During Plaintiff's employment with Defendant, Plaintiff routinely worked in excess of forty (40) hours a week.

17. During her employment with Defendant, Plaintiff was required to work off the clock without any additional pay.

18. Plaintiff's manager would require her to work off the clock to complete tasks such as counting money, complete paperwork, brew coffee, set out condiments, clean the store, refill the lottery box and many other tasks.

19. Plaintiff's off the clock work was not included in her total weekly hours and thus she was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Plaintiff is entitled to full time and one-half premium for all hours worked in excess of forty (40) per week.

21. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of

Defendant.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above as though stated fully herein.

24. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

26. Plaintiff was not paid for all overtime hours worked during one or more workweeks due to being required to work off the clock.

27. Defendant has failed provide accurate overtime compensation for numerous pay periods.

28. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

29. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DANIELLE WYNNE demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in

this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this \_\_\_\_12\_\_\_\_ day of February, 2020

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff